IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACEY TERRILL BROADWAY,

                Petitioner,

v.                                               ORDER

CHRIS BUESGEN,                       21-cv-631-wmc[1]

                Respondent.

---

Stacey Terrill Broadway has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 state-court convictions in Door County Circuit Court Case No. 2017CF90. He pursued a direct appeal in state court that ended when the Wisconsin Supreme Court denied his petition for review in April 2021. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I must also review the petition for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Broadway states three grounds for relief, but I cannot determine the basis for any of these claims because he provides only conclusory statements in support of each one. As Ground

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

One, Broadway claims that his trial, postconviction, and appellate counsel provided constitutionally ineffective assistance. To prevail, Broadway must show both that counsel provided deficient performance and that counsel's errors prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But all Broadway states is that his trial attorney did not call "a supporting witness" on his behalf. Dkt. 1 at 5. Broadway does not explain which witness or witnesses should have been called, how the lack of this witness testimony prejudiced him at trial, or how postconviction and appellate counsel were also ineffective.

Broadway alleges "multiplicity" as Ground Two, stating that "count 1: and count 2: Are exactly the same: (Identical Information, Identical Location, Identical Dates, Identical participants)." *Id.* at 7. I understand Broadway to be claiming that the two counts of second-degree sexual assault of a child in violation of Wis. Stat. § 948.02(2) are multiplicitous in violation of his right to be free from double jeopardy. To proceed, Broadway will have to explain in greater detail why he believes this is true given that publicly available court records indicate a different October 2016 offense date for each of these counts.[2] *See State v. Broadway*, Door County Case No. 2017CF90.

Broadway alleges a probable cause violation as Ground Three. In support, he merely states that the "search warrant was vague and based on hearsay." Dkt. 1 at 8. Broadway does not explain why he believes the warrant was vague or what aspects of the warrant he believes are hearsay. An application for a search warrant may be based on hearsay if sufficiently reliable. *See, e.g., United States v. Hollingsworth*, 495 F.3d 795, 805 (7th Cir. 2007) ("[A] search warrant need not be based on first-hand observations"); *Muetze v. State*, 73 Wis. 2d 117, 125–26, 243

---

[2] The charging history in Door County Case No. 2017CF90 is available online via Wisconsin Circuit Court access, http://wcca.wicourts.gov.

N.W.2d 393, 396 (1976) ("[H]earsay, when sufficiently credited to show reliability, may support a finding of probable cause for the issuance of a search warrant."). And federal habeas law generally does not provide relief for violations of the Fourth Amendment when a petitioner has had a full and fair opportunity to litigate a Fourth Amendment claim in state court, *Stone v. Powell*, 428 U.S. 465, 494 (1976), unless raised within the context of an ineffective assistance of counsel claim, *Kimmelman v. Morrison*, 477 U.S. 365, 382–83 (1986), which Broadway is not asserting.

Without more information, I cannot properly evaluate Broadway's claims or require the state to respond. But I will give Broadway an opportunity to file an amended petition in which he provides the specific facts that support his claims. If Broadway does not file an amended petition by the deadline indicated below, I will dismiss this case for his failure to show that he is in custody in violation of federal law.

In drafting his amended petition and deciding which claims to pursue, Broadway should keep in mind that he cannot seek federal habeas relief without first exhausting his available state-court remedies, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A petitioner can overcome a procedural default by demonstrating "both cause for and prejudice stemming from that default" or "that the denial of relief will result in a miscarriage of justice." *Id.*

Broadway notes in his petition that he did not exhaust his state remedies with respect to any of his claims. He says his postconviction and appellate counsel refused to raise the issues

alleged in Ground One and Ground Two. Before a federal court can excuse a default based on a lawyer's ineffective assistance, the petitioner must first exhaust that claim of ineffectiveness in the state courts, *id.*, which Broadways does not allege he has done. As for his third ground for relief, Broadway says he did not exhaust that claim in state court because he did not discover the issue until after the "verdict and conviction." Dkt. 1 at 9. That conclusory statement does not explain why the issue could not have been raised on direct appeal, which Broadway pursued after he was convicted.

Broadway's amended petition must also show that he has exhausted his state remedies or explain how he can overcome his procedural default.

ORDER

IT IS ORDERED that petitioner Stacey Terrill Broadway may have until February 17, 2023, to file an amended petition as described in this order. If Broadway does not respond by February 17, I will dismiss this case for his failure to show that he is in custody in violation of federal law.

Entered January 30, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge