IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACEY TERRILL BROADWAY,

                Petitioner,

v.

WARDEN CHRIS BUESGEN,

                Respondent.

ORDER

21-cv-631-wmc[1]

---

    Pro se petitioner Stacey Terrill Broadway filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 state-court convictions in Door County Circuit Court Case No. 2017CF90. Broadway raises three grounds for relief: (1) ineffective assistance of trial, postconviction, and appellate counsel; (2) multiplicitous counts of a child sex crime; and (3) insufficient probable cause to support the search warrant. Dkt. 1 at 5, 7, 8.

    I reviewed Broadway's petition under Rule 4 of the Rules Governing Section 2254 Cases and ordered him to file an amended petition. Dkt. 3. I explained that Broadway's conclusory statements about his claims did not allow for their proper evaluation, and that Broadway had to show that he had exhausted his state court remedies or explain how he could overcome his procedural default. I also noted that publicly available court records indicated different offense dates for the counts Broadway claimed were multiplicitous and that federal habeas law generally does not provide relief for Fourth Amendment violations.

    Broadway responded by asking to stay his petition and hold it abeyance while he returns to state court to exhaust his claims of ineffective assistance of postconviction counsel and

---

[1] I am exercising jurisdiction over this case for purposes of this order only.

appellate counsel. Dkt. 4 at 1. He contends that postconviction counsel "failed to raise numerous claims of ineffective assistance of trial counsel" including trial counsel's failure to move to strike certain state witnesses and counsel's ineffective questioning of the victim pretrial. *Id.* Broadway does not state the basis for his ineffective assistance of appellate counsel claim in his motion, but he alleges in his petition that appellate counsel failed to raise the issue of trial counsel's and postconviction counsel's ineffectiveness on appeal. *Id.* at 5–6.

Respondent has filed a brief opposing a stay. Dkt. 6. A stay and abeyance is available where a petitioner has either a "mixed" petition containing exhausted and unexhausted claims, or a petition with only unexhausted claims. *Blank v. Dittman*, 674 F. Supp. 2d 1100, 1100–01 (E.D. Wis. 2009). A stay is warranted only where the petitioner can demonstrate: (1) that he had good cause for his failure to exhaust; (2) his unexhausted claims are not plainly meritless; and (3) he has not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Respondent argues that Broadway meets none of these requirements; he cannot show good cause for failing to pursue his claims in state court in the nearly two years since the Wisconsin Supreme Court denied direct review, he has not provided the court with any basis to determine whether his claims are potentially meritorious under *Rhines*, and he has intentionally delayed his case by waiting over a year to ask the court to stay his petition.

Broadway's motion does not provide much more information than his petition does, so I cannot evaluate the appropriateness of a stay under *Rhines*. But dismissal of the petition would likely leave Broadway without a chance at federal review by virtue of the running of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a petitioner has one year from the date "the judgment became final" to seek federal habeas relief); *Duncan v. Walker*, 533 U.S. 167,

181–82 (2001) (the pendency of a federal habeas petition does not toll the limitations period). I will deny Broadway's motion for a stay without prejudice and allow him an opportunity to renew the motion and address the *Rhines* factors with an amended petition that complies with my January 20, 2023 order. Broadway should fully complete the form for filing a § 2254 habeas petition, and indicate what claims he wishes to pursue, the factual basis for each claim, and whether each claim has been exhausted or the reason it has not been exhausted. If Broadway does not respond by the deadline indicated below, I will dismiss this case for his failure to show that he is in custody in violation of federal law.

ORDER

IT IS ORDERED that:

1. Petitioner Stacey Terrill Broadway's motion for a stay and abeyance, Dkt. 3, is DENIED without prejudice.

2. Petitioner may have until April 3, 2023, to file a renewed motion for a stay and an amended petition that complies with the court's January 20, 2023, order. If petitioner does not respond by that date, I will dismiss this case for his failure to show that he is in custody in violation of federal law.

3. The clerk of court is directed to send petitioner a copy of this order and a copy of the form for filing a § 2254 habeas petition.

Entered March 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge