IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACEY TERRILL BROADWAY,

        Petitioner,

v.

CHRIS BUESGEN,

        Respondent.

OPINION AND ORDER

Case No. 21-cv-631-wmc

---

Petitioner Stacey Terrill Broadway, representing himself, is incarcerated at Stanley Correctional Institution, from which he filed a petition for a writ of habeas corpus challenging his underlying 2018 state-court conviction. 28 U.S.C. § 2254. Respondent moves to dismiss, arguing that Broadway's amended petition is untimely. (Dkt. #12.) For the reasons set forth below, the court will grant the motion in part and allow Broadway a final opportunity to file an amended petition.

BACKGROUND

Following a trial, a jury convicted Broadway of two counts of second-degree sexual assault of a child, one count of exposing a child to harmful descriptions, and three counts of felony bail jumping in Door County Circuit Court Case No. 2017CF90. He was sentenced to 20 years of initial confinement followed by a 20-year term of extended supervision. The Wisconsin Court of Appeals affirmed in an unpublished opinion on February 2, 2021, *State v. Broadway*, 2021 WI App 20, 396 Wis. 2d 703, 958 N.W.2d 168, and Broadway's petition for review was denied by the Wisconsin Supreme Court on April 21, 2021, *State v. Broadway*, 2022 WI 86, 988 N.W.2d 285. Broadway did not seek certiorari in the United States Supreme Court.

On October 6, 2021, Broadway submitted to this court a petition for writ of habeas corpus. (Dkt. #1.) In his petition, Broadway listed three grounds for relief with very little factual support. To begin, he claimed that his trial, postconviction, and appellate counsel provided constitutionally ineffective assistance, although his only supporting factual allegation is that his "trial attorney never called a supporting witness." (*Id.* at 5.) Broadway also claim "multiplicity" because Counts 1 and 2 were "exactly the same: (Identical Information, Identical Location, Identical Dates, Identical participants)." (*Id.* at 7.) Finally, Broadway claims a "probable cause violation," arguing that "the search warrant was vague and based on hearsay." (*Id.* at 8). Because of an absence of alleged facts supporting these claims, the court instructed Broadway to amend his petition by February 17, 2023, or the petition would be dismissed. (Dkt. #3 at 4.)

Broadway responded by asking the court to stay his petition, holding it in abeyance while he returned to state court to exhaust claims of ineffective assistance of postconviction and appellate counsel. (Dkt. #4 at 1.) His motion for a stay was denied without prejudice, and the court again instructed him to file an amended petition, allowing him to renew his motion to stay if he addresses the factors required to warrant it. (Dkt. #8 at 3.) The court also directed him to complete the form for filing a § 2254 habeas petition to clarify the claims he actually wishes to pursue, including identifying the factual basis for each claim and whether each claim had been exhausted. (*Id.*) Broadway has since filed an amended petition, renewing his request for a stay, again without discussion of any of the relevant factors. (Dkt. ##9, 17 at 2.)

Rather than include all of his grounds for relief in the amended petition, Broadway also asserts one, new ground for relief piecemeal. Respondent has since moved to dismiss,

2

arguing that petitioner has abandoned his other claims and his amended petition must be dismissed as untimely. Although respondent is correct that petitioner's new claim does not relate back to the original petition, the court cannot conclude that the petitioner intended to abandon his other claims. Accordingly, the court will not accept petitioner's amended petition but will allow him a *final* opportunity to file an amended petition spelling out any other of his original grounds for relief that he may still wish to pursue in compliance with Rule 2 of the Rules Governing Section 2254 Cases, including specific, factual allegations in support of each.

OPINION

I. Petitioner's New Ground for Relief

As noted, petitioner's new grounds for relief stated in the amended petition cannot relate back to the original petition. To begin, a person filing a habeas corpus petition under § 2254 must meet the one-year time limitation imposed by 28 U.S.C. § 2244(d)(1) as measured from the latest of four events described in the statute, the first of which is relevant here: "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Since the Wisconsin Supreme Court denied his petition for review on April 21, 2021, petitioner's one-year limitations period began running upon expiration of the 90-day deadline to file a petition for writ of certiorari with the United States Supreme Court. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). That date, July 20, 2021, triggered the one-year statute of limitations, which expired on July 20, 2022. *See Newlin v. Hanks*, 283 F.3d 827,

833 (7th Cir. 2002) (holding that the one-year time limit begins to run the day *after* the Supreme Court denies certiorari and expires on the "anniversary date").

Petitioner timely filed his original petition on October 6, 2021, but submitted his amended petition on March 6, 2023, making it untimely by almost eight months. Thus, respondent argues that because the amended petition was not filed until after the limitations period had expired, it must "relate back" to his original petition to benefit from the original filing date, Fed. R. Civ. P. 15(c)(2), and here it does not.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(c)(1)(B) provides that amendments to a pleading relate back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In the habeas context in particular, an amendment made after the statute of limitations has run relates back to the date of the original pleading *if* the original and amended petitions "arise out of the same conduct, transaction, or occurrence." *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *see also* Fed. R. Civ. Proc. 15(c)(1)(B). However, the relation back standard for amended habeas petitions is narrower than in a typical civil proceeding in that amended petitions do not relate back when they simply "assert[ ] a new ground for relief supported by facts that differ in both time and type from the original pleading set forth." *Mayle*, 545 U.S. 644, 650 (2005). In *Mayle*, the Supreme Court emphasized that claims asserted after the one-year period cannot "be revived simply because they relate back to the same trial, conviction, or sentence as a timely filed claim"; otherwise, "AEDPA's limitation period would have slim significance." *Id.* at 662. To relate back, therefore,

4

amended claims must be "entwined and share the same core facts" as the original petition. *Otero v. Richardson*, No. 14-cv-760-jdp, 2018 WL 1525717, at *3 (W.D. Wis. Mar. 28, 2018).

In his amended petition, petitioner states:

> The state court's violated Petitioner's 14th Amendment and Art. I, § 7, of both federal and state constitutional rights to Due Process and a fair play at trial, when the state courts erroneously exercised its discretion when it ruled that it did not have to consider the prejudicial effect of the sexually explicit pictures the State sought to introduce against Broadway.

(Dkt. #10 at 7-8.) This new evidentiary challenge contrasts significantly with his original petition, which described three, very different grounds for relief: (1) ineffective assistance of trial, post-conviction, and appellate counsel; (2) multiplicity; and (3) lack of probable cause. (Dkt. #1 at 5-8.) In contrast, the facts grounding petitioner's amended petition -- that the state court failed to consider the potential prejudice of photographic evidence -- are wholly separate from these original three claims. Indeed, the amended petition's grounds are rooted in the state court's specific, evidentiary ruling, while the original petition's grounds are rooted in petitioner's counsel, the prosecutor's charge, and law enforcement's actions. As a result, the supporting facts for the original and amended petitions differ substantially in both time and type.

To save his petition, petitioner argues that the ground in the amended petition was raised in state court, but this is not the test; to relate back, it must be entwined and share the same "conduct, transaction, or occurrence set out … *in the original pleading*" in this court. Fed. R. Civ. Proc. 15(c)(1)(B). Thus, this is not a question of exhaustion by petitioner having raised his latest ground for relief in the state court, it must relate back to the original federal petition, and it does not.

5

**II. Equitable Tolling**

Petitioner also raises arguments in support of equitable tolling. Even though a filing is untimely, a court may find equitable tolling appropriate and deem it timely in "exceptional circumstances." *Conner v. Reagle*, 82 F.4th 542, 550 (7th Cir. 2023). For example, a petitioner can establish a basis for equitable tolling if he had been pursuing his rights diligently and some other extraordinary circumstance prevented his timely filing a claim. *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Petitioner offers several reasons for not raising his new claim in the original petition and for his being granted a stay so that he may exhaust state court remedies:

- He was unaware of legal requirements, such as exhaustion or filing for certiorari (dkts. #9 at 1; #17 at 2);
- He received bad legal assistance from a jailhouse lawyer (dkt. #9 at 2; #11 at 1; #13 at 1; #14 at 1);
- His new jailhouse lawyer needs time to review the record in this case (dkts. #9 at 1; #11 at 1; #13 at 1);
- Petitioner was waiting to hear from this court on his original petition (dkts. #9 at 1; #11 at 1; #13 at 1);
- He then forgot he filed the original petition (dkt. #14 at 1); and
- Allowing a stay would not prejudice the respondent (*id.*).

Unfortunately, none of these reasons support equitable tolling.

To begin, the record does not show that petitioner pursued his rights diligently, especially when he has the burden of demonstrating diligence in pursuing his claim. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). If anything, the facts show the opposite. Petitioner admits that he *forgot* about his initial petition for a time. In between the time that he submitted the petition and received an order from the court to amend it, petitioner was not doing anything to pursue his rights or exhaust his claims in state court. Petitioner

6

points out that this court delayed responding to his original petition, but a court's delay does not warrant equitable tolling. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). Petitioner was still required to show some evidence that he was diligently pursuing his rights.

Similarly, petitioner has not shown that there was some extraordinary circumstance preventing him from raising his latest claim sooner. For example, petitioner argues that he did not have sufficient legal knowledge to properly litigate this petition and had an ineffective jailhouse lawyer. However, lack of knowledge does not justify invocation of equitable tolling, *Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022), neither does lack of legal expertise, *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013); nor does a simple legal mistake excuse an untimely filing. *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010).

Finally, just as having limited access to the prison law library is not grounds for equitable tolling, *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008), neither is limited access to a new jailhouse lawyer. *See Famous v. Novak*, No. 10-C-707, 2019 WL 5087786 (E.D. Wis. Oct. 10, 2019) ("It is well established that an inmate's decision to enlist the help of a jailhouse lawyer does not warrant equitable tolling because inmates do not have a constitutional right to the assistance of counsel in habeas corpus proceedings."), *aff'd sub nom. Famous v. Fuchs*, 38 F.4th 625 (7th Cir. 2022). Accordingly, petitioner is not entitled to equitable tolling nor has he established that a stay is warranted.

## III. Final Opportunity to Amend.

Even though the court must deny petitioner's current, apparent request to amend

the original petition, petitioner will be allowed one more, *final* opportunity to amend. A district court may allow a petitioner to amend a petition while dismissing the amendment that is before the court. *See Brown v. Johnston*, No. 22-cv-670, 2022 WL 1129327 (S.D. Ill. Apr. 15, 2022) (holding that the petition before the court must be dismissed but allowing the petitioner a chance to amend). This allows the court to rule on the merits of a claim when appropriate. *See Lee v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052-53 (7th Cir. 2019) ("There is a presumption that a plaintiff should have an opportunity to test a claim on the merits."); *Daker v. State Farm Fire & Cas. Co.*, No. 1:20-cv-01052, 2020 WL 12811607, at *4 (C.D. Ill. Nov. 24, 2020) ("The Court will dispense justice on the merits and has therefore given Plaintiff a final chance to amend his Complaint.").

Even now, this court cannot conclude that the petitioner intended to abandon the grounds stated in his original, timely petition. Indeed, petitioner renews his request for a stay, which he would not have to do unless he still intends to pursue original, unexhausted grounds for relief. The court will, therefore, allow petitioner a final opportunity to amend his original petition, rather than leave him without any chance for merit review at the federal level. However, this time around petitioner must *fully and carefully* complete this court's form for filing a § 2254 habeas petition, which he will again be sent with this order. In this form, petitioner must list *all* the grounds for relief that he wishes to pursue *and* provide specific, alleged facts that support each ground, and he must also clearly identify which grounds he has exhausted or explain why he did not exhaust them. If necessary, along with the amended form petition, he may also file a separate, renewed motion to stay that addresses the factors found in *Rhines v. Weber*, 544 U.S. 269 (2005). If petitioner does not follow these instructions by the deadline below, however, the court will have no

8

option except to dismiss this case for his failure to show that he is in custody in violation of federal law.

ORDER

IT IS ORDERED that:

1) Respondent Warden Chris Buesgen's motion to dismiss (dkt. #12) is GRANTED in part and petitioner Stacey T. Broadway's request to amend his petition for a writ of habeas corpus (dkt. #10) is DENIED.

2) Petitioner may have until **June 6, 2024,** to file a renewed motion for a stay and an amended petition that complies with the court's order of January 30, 2023. If petitioner does not respond properly by June 6, the court will dismiss this case for his failure to show that he is in custody in violation of federal law.

3) The clerk of court is directed to send petitioner a copy of this order and a copy of the form for filing a § 2254 habeas petition.

Entered this 6th day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge