IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STACEY TERRILL BROADWAY,

                Petitioner,           OPINION AND ORDER

v.

                                          21-cv-631-wmc

CHRIS BUESGEN,

                Respondent.

Petitioner Stacey Terrill Broadway, a state inmate who represents himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2018 conviction from Door County. (Dkt. #1.) He then filed an amended petition at the court's request. (Dkt. #10.) After granting the respondent's motion to dismiss his amended petition as untimely, the court gave Broadway one final opportunity to file an amended petition with specific facts in support of the claims that were asserted in his original pleading. (Dkt. #18.) Broadway has filed an amended petition, which includes a one-sentence request for a stay and abeyance to exhaust state court remedies for those claims. (Dkt. #21.) The respondent has filed a renewed motion to dismiss for failure to exhaust and opposes Broadway's request for a stay. (Dkt. #23.) Broadway has responded with a motion to supplement the record with additional briefing and a mental health record in support of his request to stay and abate this case. (Dkt. #27.) The court will grant Broadway's motion to supplement the record, but will deny the requested stay. After considering all the pleadings and exhibits, the court will grant the motion to dismiss this action for reasons explained below.

PROCEDURAL HISTORY

A jury found Broadway guilty in Door County Circuit Court Case No. 2017CF90 of the following offenses: two counts of second-degree sexual assault of a child; one count of exposing a child to harmful descriptions; and three counts of felony bail jumping. The trial court sentenced him to 20 years of initial confinement on the sexual assault charges, followed by a 20-year term of extended supervision.

On direct appeal, Broadway argued that the trial court erred by admitting evidence of explicit images without considering whether the probative value outweighed the danger of unfair prejudice. The Wisconsin Court of Appeals rejected that claim and affirmed the conviction. *State v. Broadway*, 2021 WI App 20, 396 Wis. 2d 703, 958 N.W.2d 168 (per curiam). Thereafter, the Wisconsin Supreme Court denied Broadway's petition for review on April 21, 2021. *State v. Broadway*, 2022 WI 86, 988 N.W.2d 285. Because Broadway did not pursue a writ of certiorari in the United States Supreme Court, his conviction became final when his time to do so expired on September 18, 2021. (Dkt. #12, at 2 n.2). The statute of limitations on federal habeas corpus review expired one year later. *See* 28 U.S.C. § 2244(d)(1).

On October 6, 2021, Broadway filed a timely petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1.) Broadway listed three grounds for relief but provided little to no factual support. First, he claimed that his trial, postconviction, and appellate counsel provided constitutionally ineffective assistance because his "trial attorney never called a supporting witness." (*Id.* at 5.) Second, Broadway claimed that his conviction was tainted by "multiplicity" because Counts 1 and 2 were "exactly the same:

2

(Identical Information, Identical Location, Identical Dates, Identical participants)." (*Id.* at 7.) Third, Broadway claimed there was a "probable cause violation" because a "search warrant was vague and based on hearsay." (*Id.* at 8). Because Broadway failed to allege sufficient facts to support these claims, the court instructed him to file an amended petition or the action would be dismissed. (Dkt. #3 at 4.) The court also denied Broadway's cursory request for a stay and abeyance to exhaust his claims. (*Id.*)

In response to the court's order, Broadway filed an amended petition on March 6, 2023, asserting one claim for relief that was not raised in the original petition:

> The state court's [sic] violated Petitioner's 14th Amendment and Art. I, § 7, of both federal and state constitutional rights to Due Process and a fair play at trial, when the state courts erroneously exercised its discretion when it ruled that it did not have to consider the prejudicial effect of the sexually explicit pictures the State sought to introduce against Broadway.

(Dkt. #10, at 7-8.) After the respondent moved to dismiss the amended petition as untimely, Broadway renewed his perfunctory request for a stay and abatement. (Dkt. #17.) The court granted the respondent's motion to dismiss the amended petition as barred by the governing statute of limitations, finding that the sole claim asserted by Broadway failed to relate back to his original, timely filed petition. (Dkt. #18, at 4-5.) Not wishing to prevent Broadway from pursuing the claims that were raised in his timely original petition, the court granted him one final opportunity to amend by providing facts in support of those previously raised claims. (*Id.* at 7-8.) The court specifically admonished Broadway that any amended petition must include facts in support of his grounds for relief:

> [T]his time around petitioner must *fully and carefully* complete this court's form for filing a § 2254 habeas petition, which he will again be sent with this order. In this form, petitioner must list *all* the grounds for relief that he

3

>wishes to pursue *and* provide specific, alleged facts that support each ground, and he must also clearly identify which grounds he has exhausted or explain why he did not exhaust them. . . . If petitioner does not follow these instructions by the deadline below, however, the court will have no option except to dismiss this case for his failure to show that he is in custody in violation of federal law.

(*Id*. at 8 (emphasis in original).) The court further advised Broadway that, if necessary, he could file a separate, renewed motion for a stay and abeyance that addresses the factors found in *Rhines v. Weber*, 544 U.S. 269 (2005). (*Id*.)

## OPINION

Broadway has now filed an amended habeas petition, asserting that his trial attorney was ineffective for failing to: (a) raise the issue of "multiplicity"; (b) call any witnesses to testify on his behalf; (c) file a motion to suppress "police video" of his child victim's statement; and (d) file a motion to suppress his recorded statement to police. (Dkt. #21, at 8.) His allegations of ineffectiveness are, once again, unadorned with factual support. In a separate ground for relief, Broadway claims that his postconviction counsel was constitutionally deficient for failing to raise the "obvious" ineffective-assistance claims against his trial attorney. (*Id*. at 6.) Acknowledging further that he did not exhaust any of these claims by raising them in state court as required before seeking federal review, Broadway requests a stay in abeyance. (*Id*. at 16; Dkt. #25; Dkt. #27).

To begin, Broadway has failed to heed the court's instruction to provide specific facts in support of each claim for relief. (Dkt. #18, at 8.) Section 2254 petitions must satisfy "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). As explained to Broadway previously, Rule 2(c) of the Rules Governing Section 2254 Cases

4

("Habeas Rules") requires a state prisoner seeking relief under 28 U.S.C. § 2254 to, at a minimum: (1) "specify all the grounds for relief available to the petitioner" and (2) "state the facts supporting each ground." Broadway, who alleges that he was denied effective assistance of counsel, does not articulate facts showing that he has a claim upon which relief may be granted.

Claims of ineffective assistance of trial counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, a petitioner must show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id*. at 687. To demonstrate deficient performance, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id*. at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). To prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of appellate or post-conviction counsel, prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Broadway's most recent amended petition alleges *zero* facts showing that his trial counsel had, but failed to make, an objection based on multiplicity. Moreover, Broadway

5

does not identify any witnesses who would have testified on his behalf or describe what those witnesses would have said if they had been called by his trial counsel. His other claims are similarly conclusory and are insufficient to show that he was denied effective assistance of counsel. *See Strickland*, 466 U.S. at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component.") (citing *United States v. Boyles*, 57 F.3d 535, 550 (7th Cir. 1995)).

Lack of supporting facts is not Broadway's only difficulty. It is evident from the pleadings that he did not raise any of his proposed ineffective-assistance claims in state court before seeking federal review. A state prisoner seeking a writ of habeas corpus *must* exhaust state court remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1); *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). The exhaustion requirement is based on principles of comity, which require a habeas petitioner to present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). The exhaustion requirement is not satisfied unless the prisoner has fairly presented his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson*, 745 F.3d at 268; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

6

Broadway concedes that he has not exhausted state court remedies, which appear to remain available for his ineffective-assistance claims through a post-conviction motion in the trial court.'"[1] *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136, 137 (Ct. App. 1996). Arguing that Broadway clearly failed to exhaust available state court remedies before seeking relief in federal court, the respondent moves to dismiss. (Dkt. #23.)

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, a federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The United States Supreme Court has held that federal courts may stay a "mixed petition" containing both exhausted and unexhausted claims "in limited circumstances," such as when outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition. *Rhines*, 544 U.S. at 277. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate if the petitioner shows that (1) he has good cause for his failure to exhaust his claims in state court; (2) his claims are "potentially meritorious;" and (3) he has not "engaged in intentionally dilatory litigation tactics." *Id*. at 277-78.

The respondent argues that Broadway's request for a stay and abatement should be denied because he does not meet the criteria for a stay under *Rhines*. (Dkt. #28.) As cause

---

[1] If state court remedies are no longer available, Broadway faces a more daunting hurdle because his claims would be barred from federal review under the doctrine of procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990); *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001).

7

for his failure to exhaust, Broadway presents evidence that he was diagnosed recently with bipolar disorder. (Dkt. #27-1.) The mental health record he provides, however, shows that he completed high school without needing special education classes and took college courses before joining the army. (*Id*.) The treatment provider who examined Broadway observed that he was "fully oriented" and that his thoughts were "organized and logical." (*Id*.) Broadway does not otherwise demonstrate that his bipolar diagnosis prevented him from pursuing state court remedies or that there is good cause to excuse his failure to do so. *See Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (neither a petitioner's pro se status nor factors such as mental illness, illiteracy, and low intelligence qualify as an external impediment that can serve as cause).

Even if good cause were shown, Broadway does not meet the second criteria for a stay because, despite giving him more than one opportunity to amend his petition, he has failed to offer facts in support of his claims and he has not shown that any of them have potential merit. *Rhines*, 544 U.S. at 278. In addition, there has been intentional delay on Broadway's part because he has yet to file a petition with sufficient factual support as instructed by the court and he has yet to exhaust his claims in state court. Because Broadway has not demonstrated that a stay is warranted, the court will grant the respondent's motion and dismiss this action without prejudice for failure to exhaust.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

8

requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its ruling debatable or wrong.  Therefore, a certificate of appealability will be denied.

## ORDER

IT IS ORDERED that:

1) The motion to supplement the record filed by petitioner Stacey Terrill Broadway (Dkt. #27) is GRANTED.

2) The respondent's motion to dismiss (Dkt. #23) is GRANTED, the petitioner's request for a stay (Dkt. #25) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

3) A certificate of appealability is DENIED.

4) The clerk of court is directed to close this case.

Entered this 20th day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge